# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

WALTER Z. SIMONI,

                          Plaintiff,

-vs-                        DECISION & ORDER

VILLAGE OF SODUS and BOARD OF TRUSTEES, BRENDA ROWE, WILLIAM CRITCHFIELD and SHARRON PURDY,    11-CV-6177-CJS-MWP

                          Defendants.

## APPEARANCES

For Plaintiff:                 Walter Z. Simoni, *pro se*
                             800 Thayer Road
                             Fairport, NY 14450

For Defendants:           Christian P. Jones, Esq.
                             Mackenzie Hughes LLP
                             101 South Salina Street, Suite 600
                             Syracuse, NY 13221-4967

## INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on motion by Defendants to dismiss all of Plaintiff's Federal and State causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the application in part, and denies it in part, and orders limited discovery.

## FACTUAL BACKGROUND

For the purposes of this motion, the Court assumes the veracity of the allegations in the Complaint and views them in the light most favorable to the non-moving party. On

April 7, 2011, Plaintiff filed his initial complaint, and on March 6, 2012, the Honorable Marian W. Payson, Magistrate Judge, granted Plaintiff's application to file an amended complaint, which he did on March 6, 2012, and that amended complaint is now the operative pleading in this case. In his amended complaint, Plaintiff alleges causes of action as a result of the termination of his employment, the failure to promote him, harassment, retaliation, and illegally suspended him and filed false charges against him. Am. Compl. at 4–5. He asserts that Defendants have violated rights guaranteed to him under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").

Plaintiff alleges he was first employed by Defendants in April 1994 and that the first alleged discrimination took place on May 22, 2009, with subsequent acts on dates in June, November and October of 2009. Am. Compl. ¶ 6. He filed a complaint with the New York State Human Rights Commission only, and on October 25, 2010, that agency issued a Determination and Order After Investigation, in which it dismissed the complaint.

Plaintiff alleges that Sodus, New York, Chief of Police Sharron Purdy ("Purdy") and Police Commissioner Brenda Rowe, as well as the Sodus Village Board, were unlawfully informed by the U.S. Postal Service that he suffered from patellafemoral syndrome and Defendants ordered Plaintiff to undergo an examination.[1] Further, Plaintiff alleges that Defendants informed him that if he "needed accommondations [sic] for [his] disability…the board was going to terminate [him] 'with regrets because [he] was a good employee.'" Am.

---

[1]The Court concludes from reading the amended complaint, that, at this time, plaintiff was working part time with the Sodus Police Department in addition to his employment with the Postal Service.

Compl. at 15.[2] He also alleges that Defendants put him on foot patrols, which he had not previously done, and would not honor his requests to be excluded from them. After learning that he would continue working in the police department following his retirement from the United States Postal Service in July 2008, Plaintiff alleges that Defendants "switched my work days, denied me some training, denied me overtime, I lost holiday pay…[and] denied me from being on the Narcotics Unit…even though I was the most qualified." *Id*. at 15–16. After attempting to get Plaintiff to tender his resignation, he alleges that Purdy and Sergeant William Critchfield ("Critchfield") "illegally suspended" him. *Id*. at 16. Plaintiff complained to the mayor, and after that, was returned to work on June 6, 2009. He alleges that Critchfield was assigned to ride with him, "to fabricate charges against" Plaintiff. Eventually, Plaintiff contends that "23 false charges were lodged against me 20 of them occurred while Critchfield pretended to ride with me for (TRACS) assistance." *Id*. at 17. On June 10, 2009, Plaintiff was ordered to foot patrol after having spent 15 years in a car. The following day, Plaintiff complained to the mayor of ongoing discrimination and harassment, and he alleges that the mayor responded that he should "let it die." *Id*. at 18. The following day, he told Purdy that he could not take all the walking, and he alleges she responded, "If your [sic] too crippled to do your job than [sic] quit." *Id*. at 18.

On October 4, 2009, Plaintiff asked for additional work hours in a letter addressed to the Village of Sodus Board and the mayor. He contends that instead of increasing his hours, Defendants "hired a new 28 yr. old officer and allowed him at least 40 hrs. a pay

---

[2]Plaintiff has numbered the handwritten pages attached to his form complaint as 1, II, III, *etc*. The Court has elected to use the page numbers assigned by the Adobe Acrobat program on March 6, 2012, since Plaintiff's amended complaint already contains another page numbered as 1.

period and kept [Plaintiff] at 16 hrs. a pay period." *Id*. at 18. When Purdy retired and Critchfield was appointed chief of police, Plaintiff asked for a promotion to sergeant. He alleges that he heard no response to his request, and that, "they appointed a much less qualified, younger and junior officer whom I trained when he started 7 yrs. after me." *Id*. at 18.

Plaintiff also alleges that while his service revolver was in the custody of Purdy and Critchfield during his suspension, "it was tampered with" because the weapon's sights "were 8" off." *Id*. at 18. Plaintiff discovered the problem after he failed to qualify at the range for the first time in his career, and once the range instructor adjusted his sights, states that he "shot 98% out of 100." *Id*. at 19.

Plaintiff further alleges that the hearing officer who presided over his disciplinary hearing stated in his decision "that it was obvious to him that Critchfield[']s sole purpose of riding with [Plaintiff] after returning to work on 06-06-09 was 'to come up with anything negative hoping something would stick.'" *Id*. at 19. Plaintiff states the hearing officer found him not guilty on all of the twenty charges Critchfield had written while riding with Plaintiff.

Plaintiff claims that the discrimination and harassment are continuing, 'because they learned of [his] physical disability, along with [his] age, refusal to resign and reporting discrimination to the Mayor & Vice-Mayor." *Id*. at 19.

## STANDARD OF LAW

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

**ANALYSIS**

Even viewing the amended complaint liberally, Plaintiff has not plead any elements of a claim under Title VII. Accordingly, that cause of action is dismissed. Defendants have

moved to dismiss the ADA and ADEA claims stating that Plaintiff cannot meet the numerosity requirements of those two statutes' definitioins of a covered employer. *See* 29 U.S.C. § 630(b) (ADEA), and 42 U.S.C. § 12111(5) (ADA). Def.s' Mem. of Law at 6–11.[3]

As defendant's counsel candidly conceded, the issue of the number of employees is not one the Court can decide on a motion to dismiss limited to consideration of the pleadings. Accordingly, those two causes of action may go forward while Magistrate Judge Payson supervises limited discovery on the issue of the numerosity requirement for each statute.

Defendants have also moved to dismiss the State causes of action on the basis of election of remedies and have argued that Plaintiff did not oppose their motion in his responding papers. They rely on New York Executive Law § 297(9), which they quote in their memorandum. *See* Def.s' Mem. of Law at 13. That statute provides only three exemptions from the election of remedies bar to suit under New York law, none of which apply to Plaintiff here. *See Hamilton v. Niagara Frontier Transportation Auth.*, No. 00-CV-300SR, 00-CV-863SR, 2007 U.S. Dist. LEXIS 55522 (W.D.N.Y. Jul. 31, 2007).[4] Consequently, any claims under the New York Human Rights Law are barred and must be dismissed.

Finally, Defendants also move to dismiss the individual defendants, since none can be individually liable under the two statutes supporting Plaintiff's remaining claims. The

---

[3]The Court does not address the same argument Defendants made for the Title VII claims, since it has dismissed those claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

[4]Defendants' counsel provided Plaintiff with a copy of the decision in his moving papers.

Court concurs. Neither the ADEA nor the ADA allow a lawsuit to be maintained against an individual defendant. *See Bliss v. Rochester City School Dist.*, 196 F. Supp. 2d 314, 339 (W.D.N.Y. 2002), *aff'd* 103 Fed. Appx. 421 (2d Cir. 2004). Therefore, Defendants' application to dismiss the individual defendants is granted.

## CONCLUSION

Defendants' application, ECF No. 30, is granted in part. Plaintiff's claims under Title VII are dismissed, as are all claims against the individual defendants. The application is denied with respect to the claims under the ADA and ADEA, and those may go forward with limited discovery on the numerosity issue, discussed above. The Clerk is directed to terminate Brenda Rowe, William Critchfield and Sharron Purdy as defendants in this case.

IT IS SO ORDERED.
Dated: October 2, 2012
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge