UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WALTER Z. SIMONI,

     Plaintiff,

  v.

VILLAGE OF SODUS and
BOARD OF TRUSTEES,

     Defendants.
_____

DECISION & ORDER

11-CV-6177CJS

    Walter Simoni ("Simoni") filed this action *pro se* against defendants Village of Sodus and Board of Trustees[1] ("defendants"), asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et. seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et. seq.*, arising out of his employment with defendants (Docket # 1). By Decision and Order dated October 3, 2012, United States District Judge Charles J. Siragusa dismissed Simoni's Title VII claims, but permitted his ADA and ADEA claims to "go forward with limited discovery on the numerosity issue." (Docket # 38). Currently pending before this Court is Simoni's motion to compel and for sanctions. (Docket # 44).

    Simoni seeks an order compelling defendants "to answer fully and provide all the documents requested by the plaintiff's first set of interrogatories." (Docket # 44 at 2). According to Simoni, he served interrogatories on January 16, 2013. (*Id.*). Simoni contends that defendants' responses were untimely because they were served fifty-five days later. (*Id.*).

---

[1] The individual defendants named in the complaint have been dismissed. (Docket # 38).

Defendants oppose the motion on the grounds that they have adequately responded to Simoni's discovery requests. (Docket # 46 at ¶¶ 3-6). Although their responses were served beyond the thirty-day deadline, defendants contend that they contacted Simoni several times to inform him that they were in the process of gathering responsive documents and would need additional time to respond. (*Id.* at ¶¶ 8-9). According to defendants, upon receipt of the pending motion, they also contacted Simoni in an effort to attempt to address any deficiencies that Simoni perceived in their responses. (*Id.* at ¶ 7). Simoni evidently did not respond to that request and has not identified to defendants' counsel or to the court the manner in which the responses are allegedly deficient. Defendants maintain that they have adequately responded to the discovery requests, but indicate they are willing to consider providing additional discovery in the event that Simoni identifies any deficiencies. (*Id.* at ¶ 10).

Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure provide that responses to interrogatories and document requests must be provided within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendants concede that their responses were served beyond the deadline, but maintain that they have fully responded to the requests. Simoni has failed to identify any other deficiencies in defendants' responses. In addition, much of the information that Simoni seeks in his discovery requests appears to fall outside the limited scope of discovery authorized by Judge Siragusa's Decision and Order. (Docket ## 46-1, 46-9). At this stage of the litigation, the only discovery Simoni is permitted to seek concerns the numerosity requirements of the ADA's and ADEA's definitions of a covered employer. (Docket # 38 at 6).

On this record, I deny Simoni's motion without prejudice, with the exception of requiring the defendants to respond to Interrogatory No. 5 by identifying the number of employees employed in the Sodus Fire Department from 2005 through 2011.  To the extent that Simoni believes that defendants have not adequately responded to any other requests concerning the number of employees employed by the defendants, Simoni may file a new motion specifically identifying the discovery request at issue, how it is relevant to the issue of numerosity and how the defendants' response is allegedly deficient.

I deny Simoni's request for sanctions.  I find that an award of expenses is not warranted because Simoni made no attempt to resolve the discovery disputes with defendants prior to filing the pending motion.  Fed. R. Civ. P. 37(a)(5)(A)(i) ("court must not order [the] payment [of expenses] if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action").  Considering defense counsel's communications with Simoni about their efforts to respond to the pending requests and the additional time they needed to do so, I deny plaintiff's application for sanctions based upon the fact that the responses were served a few weeks after the applicable deadline.

## **CONCLUSION**

Accordingly, Simoni's motion to compel and for sanctions (**Docket # 44**) is **DENIED without prejudice**, except that defendants shall respond to Interrogatory No. 5 as instructed herein by no later than **March 21, 2014**.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
        February  28 , 2014